IN THE MATTER OF ROBERT E. REILLY, PROSECUTOR, v. THE BOARD OF EDUCATION OF THE CITY OF CAM-DEN, RESPONDENT.

Submitted October 7, 1941—Decided December 23, 1941.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Patrick H. Harding.*

For the respondent, *C. Lawrence Gregorio.*

The opinion of the court was delivered by

PORTER, J.   This writ brings up for review a decision of the State Board of Education in the matter of an application for a pension of Robert E. Reilly as a disabled school janitor of Camden.

The facts have been stipulated.   Reilly was an honorably discharged veteran of the Spanish-American War.   He had been employed for over twenty years as a janitor in the public schools of the City of Camden until May 27th, 1940, when owing to physical disability he was unable to do the work. He claimed to be entitled to a pension under the provisions of *N. J. S. A.* 43:4-2.   He made application for the same to the Board of Education of Camden which was denied.   He appealed to the Commissioner of Education who dismissed the appeal.   From that determination an appeal was taken

to the State Board of Education whose decision in affirming the dismissal is the subject of this review.

On September 15th, 1940, while the appeal was pending before the Commissioner, Reilly died. His widow Oscyella Reilly as executrix of his estate was substituted as appellant by the Commissioner over the objection of the respondent who contended that the action had abated by the death and a new one should be instituted.

The case turns on the meritorious question of whether or not the statute applies to an employee of a Board of Education. The statutes, *N. J. S. A.* 43:4-2, *supra,* and 43:4-3 provide for a pension for life of an honorably discharged soldier, sailor or marine who "shall have been for twenty years continuously or in the aggregate in public office or position in this State or in the service of a county or municipality thereof * * *." We conclude that Reilly was not employed by a municipality within the words or the intention of this statute. We think that there is a distinction between those employed by municipalities as such and those employed in the school systems by boards of education.

The only case directly in point to which our attention has been called is *Freilitzsch* v. *Board of Education of Bayonne,* 7 *N. J. Mis. R.* 7. This court decided in that case, in construing a statute with language similar to the one in question respecting this point, that an employee of a board of education did not come within the statutory designation of one employed by a municipality. That seems to us to be controlling. Moreover, the authority of the Commissioner of Education is restricted by *N. J. S. A.* 18:3-14 to "controversies and disputes arising under the school laws." The statute, *supra,* under which this claim for pension is prosecuted is not a part of the school law and we are in accord with the decision reached below that the Commissioner and the State Board were therefore without jurisdiction. Having reached these conclusions no consideration need be given the question of whether or not the death of Reilly abated the action.

The writ is discharged, without costs.